LAWYERS FOR CLEAN WATER, INC.
Drevet Hunt (Bar No. 240487)
        Email: drev@lawyersforcleanwater.com
Luthien Niland
        Email: luthien@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone:  (415) 440-6520
Facsimile:  (415) 440-4155

LOS ANGELES WATERKEEPER
Tatiana Gaur (Bar No. 247226)
        Email:  tgaur@lawaterkeeper.org
120 Broadway, Suite 105
Santa Monica, CA 90401
Telephone:  (310) 394-6162, ext. 102
Facsimile:  (310) 394-6178

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER

CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit corporation,<br><br>                Plaintiff,<br>        vs.<br><br>BESTWAY RECYCLING COMPANY, INC., a California Corporation;<br><br>                Defendant. | Civil Case Nos. CV13-08791 DDP (PLAx); CV13-08793 DDP (PLAx); CV13-08796 DDP (PLAx); CV13-08797 DDP (PLAx); CV13-08798 DDP (PLAx)<br><br>**CONSENT DECREE**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

## CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "Waterkeeper"), and Defendants Bestway Recycling Company, Inc., Western Recycling, Inc., Bestway Recycling of Pomona, Inc., and Los Angeles Recycling Center, Inc., collectively referred to as "Bestway." The entities entering into this Consent Decree are each an individual "Settling Party" and collectively "Settling Parties."

**WHEREAS,** Waterkeeper is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Santa Monica, California.

**WHEREAS,** Waterkeeper is dedicated to the preservation, protection and defense of the rivers, creeks and coastal waters of Los Angeles County from all sources of pollution and degradation.

**WHEREAS,** Waterkeeper has more than 3,000 members who live and/or recreate in and around the Los Angeles River watershed, the Dominguez Channel watershed, the Santa Ana River watershed and waterbodies receiving discharges from the Bestway Facilities, including San Antonio Creek, the Los Angeles Harbor, the Los Angeles/Long Beach Harbor, Santa Monica Bay, San Pedro Bay and the Pacific Ocean.

**WHEREAS,** Bestway is a second-generation minority and family-owned and operated recycling center serving the greater Los Angeles area since 1979, diverting more than 3 million tons of trash from landfills in California.

**WHEREAS,** Bestway serves and pays daily hundreds of individual customers throughout Southern California.

**WHEREAS,** more than 90% of Bestway's products are recycled paper, cardboard and newspaper.

**WHEREAS,** Defendant Bestway Recycling Company, Inc. operates five waste recycling facilities located at 1000 North Main Street, Los Angeles, California ("Los Angeles Recycling Facility"), 2268 Firestone Blvd, Los Angeles, California ("Firestone

Facility"), 13528 South Western Avenue, Gardena, California ("Western Recycling Facility"), 6001 Jefferson Blvd, Los Angeles, California ("Jefferson Recycling Facility"), and 1032 Industrial Street, Pomona, California ("Pomona Recycling Facility").

**WHEREAS,** Defendants Bestway Recycling Company, Inc. and Western Recycling, Inc. operate the Western Recycling Facility as the Western Recycling Center.

**WHEREAS,** Defendants Bestway Recycling Company, Inc. and Bestway Recycling of Pomona, Inc. operate the Pomona Recycling Facility as Bestway Recycling of Pomona.

**WHEREAS,** Defendants Bestway Recycling Company, Inc. and Los Angeles Recycling Center, Inc. operate the Los Angeles Recycling Facility as the Los Angeles Recycling Center.

**WHEREAS,** Defendant Bestway Recycling Company, Inc. operates the Jefferson Recycling Facility as West LA Deposit Site and Recycling.

**WHEREAS,** the Settling Parties refer to the Firestone Facility, the Los Angeles Recycling Facility, the Jefferson Recycling Facility, the Western Recycling Facility and the Pomona Recycling Facility collectively as the "Bestway Facilities."

**WHEREAS,** discharges from the Bestway Facilities are regulated by the National Pollution Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Board Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("Storm Water Permit") and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311 (a), 1342;

**WHEREAS,** on September 6, 2013, Waterkeeper served Defendants, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board") and the Los Angeles Regional Water Quality Control Board ("Regional Board"), with a notice of intent to file suit ("Firestone Notice Letter") under sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b). The Firestone Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33

U.S.C. § 1311(a), and violations of the Storm Water Permit at the Firestone Facility;

**WHEREAS**, on September 6, 2013, Waterkeeper served Defendants, EPA, EPA Region IX, the State Board, and the Regional Board with a notice of intent to file suit ("Jefferson Notice Letter") under sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b).  The Jefferson Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311 (a), and violations of the Storm Water Permit at the Jefferson Recycling Facility;

**WHEREAS**, on September 6, 2013, Waterkeeper served Defendants, EPA, EPA Region IX, the State Board, and the Regional Board with a notice of intent to file suit ("Pomona Notice Letter") under sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b).  The Pomona Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311 (a), and violations of the Storm Water Permit at the Pomona Recycling Facility;

**WHEREAS**, on September 25, 2013, Waterkeeper served Defendants, EPA, EPA Region IX, the State Board, and the Regional Board with a notice of intent to file suit ("LA Recycling Notice Letter") under sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b).  The LA Recycling Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311 (a), and violations of the Storm Water Permit at the Los Angeles Recycling Facility;

**WHEREAS**, on September 25, 2013, Waterkeeper served Defendants, EPA, EPA Region IX, the State Board, and the Regional Board with a notice of intent to file suit ("Western Notice Letter") under sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b).  The Western Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311 (a), and violations of the Storm Water Permit at the Western Recycling Facility;

**WHEREAS**, on November 27, 2013, Waterkeeper filed in the United States District Court, Central District of California a complaint against Defendants Bestway Recycling Company, Inc. for violations at the Firestone Facility (Case No. CV13-8791

1    DDP (PLAx) ("Firestone Complaint");

2        **WHEREAS**, on November 27, 2013, Waterkeeper filed in the United States

3    District Court, Central District of California a complaint against Defendants Bestway

4    Recycling Company, Inc. and Bestway Recycling of Pomona, Inc. for violations at the

5    Pomona Recycling Facility (Case No. CV13-8796 ABC (FFMx)) ("Pomona

6    Complaint");

7        **WHEREAS**, on November 27, 2013, Waterkeeper filed in the United States

8    District Court, Central District of California a complaint against Defendant Bestway

9    Recycling Company, Inc. for violations at the Jefferson Recycling Facility (Case No.

10   CV13-8793 FMO (FFMx)) ("Jefferson Complaint");

11       **WHEREAS**, on November 27, 2013, Waterkeeper filed in the United States District

12   Court, Central District of California a complaint against Defendant Bestway Recycling

13   Company, Inc. and Western Recycling, Inc. for violations at the Western Recycling

14   Facility (Case No.  CV13-8797 R (SHx)) ("Western Complaint");

15       **WHEREAS**, on November 27, 2013, Waterkeeper filed in the United States

16   District Court, Central District of California a complaint against Defendants Bestway

17   Recycling Company, Inc. and Los Angeles Recycling Center, Inc. for violations at the

18   Los Angeles Recycling Facility (Case No. CV13-8798 RGK (CWx)) ("LA Recycling

19   Complaint");

20       **WHEREAS**, on December 20, 2013, Case Nos. CV13-8793 FMO (FFMx), CV13-

21   8796 ABC (FFMx), CV13-8797 R (SHx) and CV13-8798 RGK (CWx) were transferred

22   to the calendar of Judge Dean D. Pregerson and the case numbers for each case were

23   revised as follows: Case No. CV13-8793 FMO (FFMx) was revised to Case No. CV13-

24   8793 DDP (PLAx); Case No. CV13-8796 ABC (FFMx) was revised to Case No. CV13-

25   8796 DDP (PLAx); Case No. CV13-8797 R (SHx) was revised to Case No. CV13-8797

26   DDP (PLAx); and Case No. CV13-8798 RGK (CWx) was revised to Case No. CV13-

27   8798 DDP (PLAx);

28       **WHEREAS**, Waterkeeper and Bestway intend to seek consolidation of the above-

referenced actions prior to seeking entry of this Consent Decree;

**WHEREAS**, Waterkeeper alleges Defendants to be in violation of the substantive and procedural requirements of the Storm Water Permit and the Clean Water Act;

**WHEREAS**, Defendants deny all allegations in the LA Recycling Notice Letter and LA Recycling Complaint;

**WHEREAS**, Defendants deny all allegations in the Western Notice Letter and Western Complaint;

**WHEREAS**, Defendants deny all allegations in the Pomona Notice Letter and Pomona Complaint;

**WHEREAS**, Defendants deny all allegations in the Jefferson Notice Letter and Jefferson Complaint;

**WHEREAS**, Defendants deny all allegations in the Firestone Notice Letter and Firestone Complaint;

**WHEREAS**, Waterkeeper and Defendants have agreed that it is in the Settling Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Firestone Complaint, Pomona Complaint, Western Complaint, LA Complaint and Jefferson Complain (collectively, "Complaints") without further proceedings; and

**WHEREAS**, all actions taken by Defendants pursuant to this Consent Decree shall be made in compliance with all applicable Federal and State laws and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2.      Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. §1365(c)(1), because the facilities at which the alleged

violations took place are located within this District;

3. The Complaints state claims upon which relief may be granted against Defendants pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

4. Waterkeeper has standing to bring these actions;

5. The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying and/or enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## I.    OBJECTIVES

6. It is the express purpose of the Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, *et seq*., and to resolve those issues alleged by Waterkeeper in its Complaints.  In light of these objectives and as set forth fully below, Defendants agree, *inter alia*, to comply with the provisions of this Consent Decree and to comply with the requirements of the Storm Water Permit and all applicable provisions of the CWA. Specifically, Receiving Water Limitation C(2) in the Storm Water Permit requires that the Bestway Facilities "not cause or contribute to the exceedance of an applicable water quality limit." Effluent Limitation B(3) of the Storm Water Permit requires that Best Management Practices ("BMPs") at Bestway Facilities be developed and implemented to achieve Best Available Technology ("BAT") and Best Conventional Pollutant Control Technology ("BCT"). Bestway shall develop and implement BMPs necessary to comply with the Storm Water Permit requirement to achieve compliance with BAT/BCT standards and with the applicable Water Quality Standards.[1]  BMPs must be developed and implemented to prevent discharges or to reduce contamination in storm water discharged from the Bestway Facilities sufficient to achieve the numeric limits detailed in paragraphs 19 and 20 of this

---

[1] Water Quality Standards are the water quality criteria contained in the Water Quality Control Plan: Los Angeles Region, Basin Plan for the Coastal Watersheds of Los Angeles and Ventura Counties ("Basin Plan"), the California Ocean Plan, the National Toxics Rule, the California Toxics Rule, and other state or federally approved surface water quality plans.

Consent Decree.

## II.   EFFECTIVE DATE AND TERMINATION

7.      The term "Effective Date," as used in this Consent Decree, shall mean the last day for the United States Department of Justice and the United States Environmental Protection Agency (collectively "Federal Agencies") to comment on the Consent Decree, *i.e.*, the 45th day following the Federal Agencies' receipt of the Consent Decree, or the date on which the Federal Agencies provide notice that they require no further review and the Court enters the final Consent Decree, whichever occurs earlier.

8.      This Consent Decree shall terminate five (5) years from the Effective Date provided Defendants have demonstrated their compliance with the requirements of this paragraph and unless there is an ongoing, unresolved dispute regarding Defendants' compliance with the Consent Decree's provisions.  Termination may be sought as to one or more of the Bestway Facilities which have met the requirements of this paragraph and the Consent Decree.  The Consent Decree may terminate early as to any particular Bestway Facility in the event the following conditions are satisfied for that Bestway Facility:

a.  Defendants have implemented all the measures identified in the Minimum BMPs attached as Exhibit A to this Consent Decree.

b.  Defendants have revised and fully implemented the Storm Water Pollution Prevention Plan ("SWPPP") and Monitoring and Reporting Program ("M&RP") pursuant to the requirements of this Consent Decree and the Storm Water Permit.

c.  There are no outstanding disputes regarding the provisions of this Consent Decree, including, but not limited to, disputes related to the payment of fees/costs, SEP and compliance monitoring fees, implementation of storm water and non-storm water control BMPs, and compliance with Table 1 and Table 2 numeric limits.

d.  All payments required under paragraphs 39, 42 and 43 of this Consent

Decree are made.[2]

    e.   Monitoring data from five consecutive storm water samples collected at the discharge points of the Bestway Facility seeking termination (five storm water samples collected for each storm water outfall) demonstrates compliance with Surface Water Numeric Limits, and/or

    f.   In the event that infiltration basins/galleries for storm water treatment are installed at the Bestway Facility seeking termination, monitoring data from five consecutive vadose zone samples collected at that Bestway Facility with an infiltration basin/s demonstrate compliance with MCL limits.

9.    Defendants shall provide Waterkeeper and its counsel with written notice at least fourteen (14) days prior to filing any motion for termination of the Consent Decree as to one or more Bestway Facilities.

10.    Waterkeeper may conduct an inspection of any and all Bestway Facilities during the sixty (60) days following any motion for termination of the Consent Decree. Bestway will work with Waterkeeper to schedule and accommodate the inspection, if requested, within the 60-day period. The inspection will be conducted according to the rules applicable to Annual Site Inspections in paragraph 38 below.

## III.   COMMITMENTS OF THE PARTIES

### A.   Industrial Storm Water Pollution Control Measures

11.    To ensure there are no unauthorized non-stormwater discharges, any non-stormwater discharges from any of the Bestway Facilities not authorized by the Storm Water Permit shall be considered a breach of this Consent Decree.

12.    Defendants shall implement all BMPs at each of the Bestway Facilities in the Minimum BMPs attached as Exhibit A.

13.    If, despite the implementation of the Minimum BMPs outlined in Exhibit A,

---

[2] Complete payment is only required to terminate the Consent Decree with respect to the last outstanding Bestway Facility. Otherwise, Defendants are expected to follow the payment schedule provided in Exhibit E.

storm water monitoring conducted in or after the 2016 – 2017 Wet Season ("Wet Season" is defined as October 1 – May 31) demonstrates exceedances of Table 1 Numeric Limits at any of the Bestway Facilities, Defendants shall implement additional BMPs at each Bestway Facility where the exceedances have occurred. The additional BMPs shall consist of one of the three following options, (1) active storm water treatment systems such as StormwateRx or Storm Water Systems, (2) complete permanent cover of all potential pollutant sources, or (3) infiltration basins and galleries, and shall be implemented prior to October 1 of the subsequent Wet Season, or within 120 days of submission of the required Surface Water Action Plan arising from the exceedance described in this paragraph 13, whichever is later.

14.     If sampling demonstrates that additional BMPs are necessary pursuant to paragraph 13, the additional BMPs required shall be designed and operated to manage through infiltration, treatment and/or diversion the storm water runoff generated by the 85th percentile storm event occurring over 24 hours, based on historical rainfall measured at the Los Angeles-USC Rain Gauge, No. 438,[3] multiplied by a factor of two, or 2.2 inches in 24 hours, ("Compliance Standard").  For purposes of this Consent Decree, following implementation of pollution control measures described in paragraph 13, properly documented discharges of storm water and/or storm water pollutants from the Bestway Facilities in connection with rainfall events that exceed the Compliance Standard applicable to each Facility are not a violation of this Consent Decree and are not subject to the paragraph 19 requirement to meet Table 1 Surface Water Numeric Limits.

15.     BMP Plan.  For each Bestway Facility, Defendants shall develop and submit to Waterkeeper for review and comment a plan for the implementation and installation of all measures identified in Exhibit A (Minimum BMPs) and any additional BMPs

---

[3] Based on rain fall data provided in County of Los Angeles Department of Public Works Water Resources Division/Hydrology Section "Analysis of 85th Percentile 24-hour Rainfall Depths Within the County of Los Angeles" (February 2004), available at http://ladpw.org/wrd/publication/engineering/Final_Report-Probability_Analysis_of_85th_Percentile_24-hr_Rainfall1.pdf.

identified by Defendants necessary to ensure implementation of BAT/BCT at each Bestway Facility.  This BMP Plan shall contain a detailed site map for each Bestway Facility, clearly delineating the location of each storm water outfall and the type and location of all proposed BMPs.  The BMP Plan shall further provide an implementation schedule for all BMPs, including frequency of implementation, maintenance and inspection schedule to ensure the BMPs are operated optimally.  The BMPs and storm water pollution control measures agreed to under this Consent Decree shall be operated throughout the entire year.  Defendants shall submit the BMP Plan for each Bestway Facility within forty-five (45) days of the Effective Date of this Consent Decree.

16.     Waterkeeper will have thirty (30) days to review and comment in writing on the BMP Plan for each Bestway Facility.  Defendants shall have twenty-one (21) days to accept Waterkeeper's comments and incorporate them into the applicable BMP Plan, or to respond to Waterkeeper's comments in writing, explaining why the comments were not accepted and incorporated.  Disputes regarding the adequacy of any of the BMP Plan(s) shall be subject to the dispute resolution provisions in Section IV of this Consent Decree.

17.     The BMP Plans shall be completely implemented at each of the Bestway Facilities pursuant to the schedule set forth in Exhibit A.

18.     Defendants shall diligently file and pursue all required local agency applications for permits and/or approvals for the BMPs included in each BMP Plan.  Defendants shall further diligently pursue the procurement of contractors, labor and materials to complete all such BMPs pursuant to the schedule set forth in Exhibit A, and shall use their best efforts to meet these deadlines. Defendants' failure to meet these deadlines without an extension granted in writing by Waterkeeper will be considered a breach of the Consent Decree subject to the stipulated penalty provisions set forth in paragraph 44.

**B.     Numeric Limits**

19.     <u>Numeric Limits for Storm Water Discharges.</u> Contaminants in any storm

water discharges from any of the Bestway Facilities shall not exceed the limits ("Surface Water Numeric Limits") in Table 1, except as applied to storm water discharges during the 2013-2014 and 2014-2015 Wet Seasons and except as set forth in paragraph 14.

**Table 1.  Surface Water Numeric Limits**

| Contaminant[4] | Numeric Limit[5] (All but pH expressed as mg/L) |
|---|---|
| Total Suspended Solids | 100 mg/L |
| Copper | 0.013 mg/L* |
| Lead | 0.065 mg/L* |
| Zinc | 0.120 mg/L* |
| Oil and Grease | 15 mg/L |
| Aluminum | 0.75 mg/L |
| Arsenic | 0.340 mg/L* |
| Cadmium | 0.0043 mg/L* |
| Iron | 1.00 mg/L |
| Mercury | 0.0024 mg/L |
| Nickel | 0.470 mg/L* |
| Silver | 0.0034 mg/L* |
| Chemical oxygen demand | 120 mg/L |

[4]  If monitoring data collected at each discharge point of any given Bestway Facility demonstrates compliance with Table 1 Surface Water Numeric Limits for arsenic, cadmium, mercury, nickel, silver, chromium III, or chromium VI for three (3) consecutive storm water samples at the same discharge point or with Table 1 Surface Water Numeric Limits for E. coli for two (2) consecutive storm water samples collected at the same discharge point, that particular Bestway Facility need no longer sample for those contaminants for which compliance has been demonstrated at this particular discharge point.

[5]  Note:  An * next to a Numeric Limit denotes a CTR Limit.  The limits for pH and COD are from the Basin Plan.  Compliance with the Numeric Limits for metals will be based on evaluation of dissolved concentrations only. CTR Limits are expressed as a function of total hardness in the water body based on the equations provided in Federal Register, Vol. 65, No. 97, May 18, 2000, and being hardness dependent will vary with the analyzed total hardness of the water body.  The CTR Criterion Maximum levels expressed herein assume a total hardness of 100 mg/L.

| Contaminant[4] | Numeric Limit[5] (All but pH expressed as mg/L) |
|---|---|
| pH | 6.5-8.5 |
| Chromium (III) | 0.550 mg/L* |
| Chromium (VI) | 0.016 mg/L* |
| E. coli | Varies by Receiving Water[6] |

20.    Numeric Limits for Infiltrated Discharges. Contaminants from Bestway Facilities discharges infiltrated through an infiltration gallery designed according to the requirements of paragraph 14 above shall not exceed the limits ("Vadose Zone Numeric Limits") in Table 2.  The presence of any contaminant in the Bestway Facilities' vadose zone in excess of, or outside the range of, the Vadose Zone Numeric Limits in Table 2 is a breach of this Consent Decree.

**Table 2. Vadose Zone Numeric Limits**

| Contaminant | MCL |
|---|---|
| Aluminum | 0.05 to 0.2 mg/L |
| Arsenic | 0.010 mg/L |
| Cadmium | 0.005 mg/L |
| Copper | 1.0 mg/L |
| Iron | 0.3 mg/L |
| Lead | 0.015 mg/L |
| Mercury | 0.002 mg/L |
| Silver | 0.10 mg/L |
| Zinc | 5 mg/L |

[6] The E. coli water quality limitation varies by receiving water. The three facilities discharging to the Los Angeles River Watershed (Los Angeles Recycling Facility, Firestone Facility, and Western Recycling Facility) must comply with 235 MPN/100ml; the facility discharging to the Ballona Creek Watershed (Jefferson Recycling Facility) must comply with 576/100ml; and the facility discharging to the Santa Ana River Watershed (Pomona Recycling Facility) must comply with 235 MPN/100ml.

21.   <u>Surface Water Action Plan for Table 1 Exceedances.</u>  Beginning with the 2015-2016 Wet Season, Defendants shall submit to Waterkeeper a plan for reducing and/or eliminating the discharge of pollutants ("Surface Water Action Plan") if any sampling by Waterkeeper or Defendants during the October 1-May 31 period demonstrates that any contaminant in any discharge from any Bestway Facility exceeds the applicable limit for any contaminant found in Table 1. The Surface Water Action Plan will be specific to each Bestway Facility where the exceedance has occurred. If exceedances have occurred at more than one Bestway Facility, Defendants shall submit a separate Surface Water Action Plan for each respective Facility. The Surface Water Action Plan for each Bestway Facility must be submitted within sixty (60) days of receiving the monitoring data showing exceedances of Table 1 limits at that Facility.[7] Any subsequent sample demonstrating exceedances of Table 1 limits for the same constituent at the same Bestway Facility and the same discharge location occurring within sixty (60) days of the sample triggering the obligation to submit a Surface Water Action Plan shall not require Defendants to prepare an additional Surface Water Action Plan based solely on that exceedance. However, any such exceedance shall be addressed by the Surface Water Action Plan in preparation at that time.

a.   <u>Surface Water Action Plan Requirements</u>. Each Surface Water Action Plan submitted shall be in writing and shall include at a minimum: (1) the identification of the pollutant(s) discharged in excess of the Numeric Limit(s), (2) an assessment of the source of each pollutant exceedance specific to the Bestway Facility where the exceedance has occurred,[8] (3) the identification of additional BMPs, which, for any

---

[7] If Bestway must submit three (3) Surface Water Action Plans within any given sixty (60) day period, Bestway will have seventy-five (75) days from receipt of the data requiring the Surface Water Action Plans to submit the third Plan. If four (4) or five (5) Surface Water Action Plans are to be submitted within any given sixty (60) day period, Bestway will have ninety (90) days from receipt of the data requiring the Surface Water Action Plans to submit the fourth and/or fifth Plans.

[8] If Bestway believes that copper or iron present in potable water used to operate the Cyclone Sweeper have contributed to a copper or iron exceedance above Table 1 limits, it may provide an analysis to

1   Surface Water Action Plan submitted to address an exceedance occurring in or after the

2   2016 – 2017 Wet Season must include at least one of the following (a) treating storm

3   water prior to discharge from the respective Bestway Facility via active storm water

4   treatment systems such as StormwateRx and Storm Water Systems designed to meet

5   requirements of paragraph 14, (b) infiltration basins/galleries designed to retain meet

6   requirements of paragraph 14, or (c) complete permanent cover of all potential pollutant

7   sources, that will be implemented to achieve compliance with the Numeric Limit(s) in

8   Table 1, and (4) time schedules for implementation of the proposed BMPs at the specific

9   Bestway Facility where the exceedance or exceedances have occurred.

10            b.   <u>Surface Water Action Plan Review</u>.  Waterkeeper shall have thirty (30)

11   days upon receipt of a Surface Water Action Plan for any Bestway Facility to provide

12   Defendants with comments.  If more than two (2) Surface Water Action Plans are

13   submitted concurrently, Waterkeeper will be provided with an additional fifteen (15) days

14   for review and comment on each additional Surface Water Action Plan.[9]  Within thirty

15   (30) days from the date Waterkeeper comments on a Surface Water Action Plan,

16   Defendants shall provide Waterkeeper with a written explanation if Defendants refuse to

17   develop and/or implement any of Waterkeeper's recommended additional BMPs. Any

18   disputes as to the adequacy of the Surface Water Action Plan shall be resolved pursuant

19   to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

20            c.   Defendants shall have until October 1 following the Wet Season in which

21   the exceedances giving rise to the obligation to submit a Surface Water Action Plan

22   occurred to implement the Surface Water Action Plan.  Defendants shall notify

23   Waterkeeper in writing when the Surface Water Action Plan has been implemented.  In

---

Waterkeeper demonstrating evidence of contribution and the relationship with the stormwater sample exceeding the Table 1 limit.

[9] If Waterkeeper receives three (3) Surface Water Action Plans, all submitted within the same seven (7) day period, Waterkeeper will have forty-five (45) days to review and comment on the plans, if four (4) Surface Water Action Plans are submitted within the same seven (7) day period, Waterkeeper will have sixty (60) days to review and comment on the plans, and if five (5) Surface Water Action Plans are submitted within the same seven (7) day period, then Waterkeeper will have seventy-five (75) days to review and comment on the plans.

the event structural BMPs to be implemented pursuant to the Surface Water Action Plan require additional time beyond the October 1 deadline or the deadline set forth in paragraph 13, whichever is applicable, the parties shall meet and confer regarding an alternative deadline, and seek dispute resolution if an alternative deadline cannot be agreed upon.

d.   Defendants shall diligently file and pursue all required local agency applications for permits and/or approvals for the BMPs included in any Surface Water Action Plan. Defendants shall further diligently pursue the procurement of contractors, labor and materials to complete all such BMPs by the applicable deadline described in paragraph 21.c above, and shall use their best efforts to meet these deadlines. Defendants' failure to meet this deadline without an extension granted in writing by Waterkeeper will be considered a breach of the Consent Decree.

22.   <u>Groundwater Action Plan for Table 2 Exceedances.</u> If Defendants construct infiltration basin(s) at any of the Bestway Facilities to meet the Consent Decree requirements, Defendants shall submit a written plan for reducing and/or eliminating the discharge of pollutants in storm water infiltrated at the respective Facility ("Groundwater Action Plan") when vadose zone sampling during the Wet Season demonstrates that any contaminant specified in Table 2 exceeds the Vadose Zone Numeric Limits at any of the Bestway Facilities. The Groundwater Action Plan will be specific to each Bestway Facility where the exceedance of Table 2 numeric limits has occurred. If exceedances have occurred at more than one Bestway Facility, Defendants shall submit a separate Groundwater Action Plan for each respective Facility.

a.   The Groundwater Action Plan for each Bestway Facility must be submitted to Waterkeeper within thirty (30) days of Defendants' receipt of sampling data showing exceedances of Table 2 Vadose Zone Numeric Limits for that Facility.

b.   At a minimum the Groundwater Action Plan shall include increased source control to prevent pollutant exposure to storm water.  In addition, the

Groundwater Action Plan may include: literature research regarding background concentrations of metals in soil and groundwater; collection and analysis of background soil, pore water, and groundwater samples, additional monitoring of the existing lysimeters; installation and monitoring of deeper lysimeters; installation and monitoring of upgradient/downgradient groundwater wells; vadose zone modeling; additional pretreatment BMPs, or other methods as appropriate to assess or to mitigate the potential for exceedances of MCLs in groundwater; increased size infiltration basins; and/or increased detention.

c. Waterkeeper shall provide comments, if any, to Defendants within sixty (60) days of receipt of the Groundwater Action Plan.  If more than two (2) Groundwater Action Plans are submitted concurrently, Waterkeeper will be provided with an additional fifteen (15) days for review and comment on each additional Groundwater Action Plan.[10]  Defendants shall incorporate Waterkeeper's comments into the Groundwater Action Plan and issue a report within thirty (30) days of receiving Waterkeeper's comments.  If any of Waterkeeper's comments are not utilized, Defendants shall justify in writing why any comment is not being incorporated within fourteen (14) days of receiving comments. Any disputes as to the adequacy of the Groundwater Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

d. Defendants shall have until October 1 (following the Wet Season in which the exceedances giving rise to the obligation to submit a Groundwater Action Plan occurred) to implement the Groundwater Action Plan.

---

[10] If Waterkeeper receives three (3) Groundwater Action Plans, all submitted within the same seven (7) day period, Waterkeeper will have seventy-five (75) days to review and comment on the plans, if four (4) Groundwater Action Plans are submitted within the same seven (7) day period, Waterkeeper will have ninety (90) days to review and comment on the plans, and if five (5) Groundwater Action Plans are submitted within the same seven (7) day period, then Waterkeeper will have 105 days to review and comment on the plans.

1   Defendants shall notify Waterkeeper in writing when the Groundwater

2   Action Plan has been implemented.

3      e.   Defendants shall diligently file and pursue all required local agency

4   applications for permits and/or approvals for the BMPs included in any

5   Groundwater Action Plan. Defendants shall further diligently pursue the

6   procurement of contractors, labor and materials to complete all such BMPs

7   by the October 1 deadline described in paragraph 20.d above, and shall use

8   their best efforts to meet these deadlines. Defendants' failure to meet this

9   deadline will be considered a breach of the Consent Decree.

10   **C.   Sampling and Monitoring at the Facility**

11      23.   <u>Sample Analysis and Sample Frequency</u>.  The Defendants shall collect storm

12   water samples from each discharge location at the Bestway Facilities. The discharge

13   locations/stormwater outfalls for each Bestway Facility will be identified in the site map,

14   which must be included in the respective Facility's SWPPP and M&RP. Samples will be

15   collected from at least five (5) storm events per Wet Season at each Bestway Facility.

16   The Defendants must sample the Facility's storm water discharge(s) from the first storm

17   event in each Wet Season.  The Defendants must continue to sample storm water

18   discharges from each storm event that produces a discharge until a total of five (5) storm

19   events have been sampled. For purposes of this Consent Decree, this includes any storm

20   water discharge occurring during the Facility's operating hours,[11] or, if storm water is

21   stored onsite prior to discharge, whenever storm water is released, whether during

22   operating hours or not. Defendants shall submit all monitoring and lab reports from storm

23   water discharge samples collected at any Bestway Facility within ten (10) days of receipt

24   of the monitoring and lab reports.

25      24.   Any failure to sample a discharge from each discharge location at the

26

27   [11] The Bestway Facilities' operating hours are set forth in Exhibit B hereto.  Defendants shall update

28   Waterkeeper in writing within ten (10) days of any changes to the operating hours at any of the Bestway Facilities.

Facility until five (5) storm events per Wet Season have been sampled shall be documented and submitted to Waterkeeper within five (5) days of the date a sample could have been collected but was not.  Failure to collect a sample from each discharge location at each Bestway Facility during a storm event will constitute a violation of this Consent Decree, unless Defendants demonstrate to Waterkeeper in its submittal through photographs of the discharge locations, rain fall data from an agreed upon rain gauge located near the respective Facility (*see* Exhibit C for applicable rain gauges for each Bestway Facility), and other appropriate documentation that the storm water event occurred outside of the Facility's operating hours and/or did not result in an actual storm water discharge.

25.     Defendants shall analyze all samples collected pursuant to paragraph 23 for the constituents identified in Table 1.  Defendants shall use a state certified laboratory to conduct all analysis pursuant to this Consent Decree.  The Defendants shall select laboratories and analytical limits such that, at a minimum, the method detection limits are below the Surface Water Numeric Limits in Table 1.

26.     If Defendants install an infiltration basin/gallery at any of the Bestway Facilities according to the requirements of paragraph 14 above, Defendants shall collect and analyze samples from any and all storm water discharges occurring during any and all storm events that occur during operating hours and that generate runoff from Bestway Facilities with infiltration basins/galleries. Any discharges that occur outside the Facilities' operating hours will be monitored using a flow totalizer capable of recording the volume of runoff that occurs. Defendants shall submit all monitoring and lab reports from storm water discharge samples collected at any Bestway Facility within ten (10) days of receipt of the monitoring and lab reports. Failure to monitor and /or sample such storm water discharges will be a violation of this Consent Decree. The Defendants shall analyze samples collected for the constituents identified in Table 1.  Defendants shall use a state certified laboratory to conduct all analysis pursuant to this Consent Decree.  The Defendants shall select laboratories and analytical limits such that, at a minimum, the

method detection limits are below the Surface Water Numeric Limits in Table 1.

27.     Defendants shall submit a written report to Waterkeeper no later than June 15 at the end of each Wet Season that identifies all samples collected at each Bestway Facility, all analytical results from storm water or groundwater samples collected at any of the Bestway Facilities, an explanation, if any, for any failure to sample a storm water discharge as required by this Consent Decree or the Storm Water Permit, and an explanation of any failure to collect and analyze groundwater samples as required by this Consent Decree.

28.     Groundwater Monitoring. If Defendants install an infiltration gallery at any of the Bestway Facilities, Defendants shall install a suction lysimeter vertically below and within the ponding area of the infiltration gallery. Defendants shall collect samples of infiltrating stormwater from the suction lysimeter ("Vadose Zone Samples"). These Vadose Zone Samples shall be collected every time there is a storm event of 0.1 inch for at least four (4) separate storm events each Wet Season and within twenty-four (24) hours after rainfall ends. The lysimeter samples from the four (4) separate storm events shall be analyzed for the metals (both total recoverable and dissolved) listed in Table 2 above. Defendants shall submit to Waterkeeper all monitoring and lab reports from Vadose Zone Samples collected at any Bestway Facility within ten (10) days of receipt of the monitoring and lab reports. Defendants shall compare the results of this analysis with the levels of Table 2.

29.     Revising the M&RP.  Within thirty (30) days of finalizing the BMP Plans required pursuant to paragraph 15 of this Consent Decree, the Defendants shall revise its M&RP for each Bestway Facility to incorporate the requirements of this Consent Decree and the Storm Water Permit, including, if Defendants install an infiltration gallery at a specific Facility, the Groundwater Monitoring requirements in paragraph 28 of the Consent Decree. The revised M&RP shall require that the samples taken from the Facility's storm water discharges pursuant to the Storm Water Permit are analyzed for the constituents identified in Table 1 in addition to any other constituents required by the

Storm Water Permit. If roof drainage at any of the Bestway Facilities is redirected, the M&RP for that Facility shall require for monitoring of the redirected roof drainage discharges once annually to ensure these discharges are not violating Table 1 Numeric Limits. All roof drainage discharges monitoring should be submitted to Waterkeeper for review within ten (10) days of receipt of monitoring results from the lab. If the redirected roof drainage is violating Table 1 Numeric Limits, Defendants shall implement additional BMPs to bring the discharge into compliance with the Table 1 Numeric Limits. The additional BMPs addressing roof drainage discharges violations of Table 1 Numeric Limits will be submitted in a written report to Waterkeeper within thirty (30) days of receipt of monitoring results. The requirement to implement additional BMPs to bring roof drainage discharges into compliance with Table 1 Numeric Limits will terminate when three (3) consecutive roof drainage samples demonstrate compliance with Table 1 Numeric Limits. The sampling locations of all redirected roof drainage discharges will be included as stormwater sampling outfalls in the respective Facility's site map and M&RP.

30.     The Defendants shall submit the revised M&RP for each Bestway Facility to Waterkeeper for review and comment. Waterkeeper shall provide comments, if any, to the Defendants within sixty (60) days of receipt of the M&RP. The Defendants shall incorporate Waterkeeper's comments into the M&RP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes over the adequacy of the revised M&RP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

**D.     Storm Water Pollution Prevention Plan**

31.     <u>SWPPP Revisions.</u>  Within sixty (60) days of finalizing the BMP Plans required under paragraph 15, Defendants shall revise the SWPPP for each Bestway Facility to include (1) current BMPs, (2) BMPs developed pursuant to this Consent Decree to control the discharge of pollutants from the Facility, (3) a description of all industrial activities, (4) corresponding potential pollutant sources for industrial activities, (5) a description of the potential pollutants from each source, and (6) a detailed site map.

The SWPPP must comply with all other provisions of the Section A of the Storm Water Permit. The Defendants shall submit the revised SWPPP to Waterkeeper for review and comment.  Waterkeeper shall provide comments, if any, to Defendants within seventy-five (75) days of receipt of the SWPPP. Defendants shall incorporate Waterkeeper's comments into the SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of the revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

32.     <u>Additional SWPPP Revisions</u>. Defendants shall revise the SWPPP for each Bestway Facility if there are any changes in the applicable Facility's operations, including, but not limited to, changes to storm water discharge point(s) or revisions and/or additions to the BMPs at each Facility implemented pursuant to Surface Water Action Plans and/or Groundwater Action Plans. Defendants shall submit any revised SWPPP to Waterkeeper for review and comment within ten (10) days of SWPPP revision. Waterkeeper will provide comments, if any, to the Defendants within thirty (30) days of receipt of any revised SWPPP. Defendants shall incorporate Waterkeeper's comments into any revised SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of a revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

**E.     Employee Training**

33.     Within ninety (90) days of the Effective Date, Defendants shall develop and implement a training program ("Training Program"), including any training materials, as necessary, for effective implementation of the Training Program at each Bestway Facility.

34.     The Training Program shall ensure (a) that there are a sufficient number of employees designated to achieve compliance with the sampling requirements of the Storm Water Permit and this Consent Decree, and (b) that these employees are properly

1  trained to perform the required compliance activities at each Bestway Facility. Such

2  Training Program shall be specified in the SWPPP.

3       35.    The Training Program shall require specific training to include at least the

4  following:

5            a.   Non-Storm Water Discharge Training.  The Defendants shall train all

6  employees at each Bestway Facility on the Storm Water Permit's prohibition of non-

7  storm water discharges so that employees know what non-storm water discharges are,

8  how to detect them, and how to prevent them;

9            b.   BMP Training. The Defendants shall train all employees responsible for

10  BMP implementation and maintenance at each Bestway Facility on BMP implementation

11  and maintenance to ensure that BMPs are used effectively to prevent the exposure of

12  pollutants to storm water, to prevent the discharge of contaminated storm water, and to

13  ensure the proper treatment of storm water;

14            c.   Storm Water Sampling Training. The Defendants shall designate an

15  adequate number of employees necessary to collect storm water samples from each

16  discharge location of the Bestway Facilities as required by this Consent Decree. The

17  training shall include the proper sampling protocols, including chain of custody

18  requirements, to ensure storm water and/or non-storm water samples are properly

19  collected, stored, and submitted to a certified laboratory;

20            d.   Visual Observation Training. The Defendants shall provide training to all

21  individuals performing visual observations at the Bestway Facilities regarding visual

22  observations pursuant to this Consent Decree and the Storm Water Permit.

23       36.    Training shall be provided by a private consultant or a representative of

24  Defendants familiar with the requirements of this Consent Decree and the Storm Water

25  Permit, and shall be repeated as necessary to ensure that all such employees are familiar

26  with the requirements of this Consent Decree, the Storm Water Permit, and the Facility's

27  SWPPP.  All new staff shall receive this training before assuming responsibilities for

28  implementing the SWPPP or M&RP.

37.     The Defendants shall maintain training records to document compliance with this Section III.E, and shall provide Waterkeeper with a copy of these records within fourteen (14) days of receipt of a written request.

**F.     Compliance Monitoring and Reporting**

38.     <u>Annual Site Inspections.</u> Every year during the life of this Consent Decree, up to three (3) Waterkeeper representatives or consultants (including an attorney), may conduct one (1) Wet Season site inspection and one (1) site inspection during the June 1-September 30 period (hereinafter "Dry Season") at each of the Bestway Facilities.  Site inspections shall occur during normal business hours and Waterkeeper shall provide Defendants with as much notice as possible, but at least twenty-four (24) hours notice prior to a Wet Season site inspection, and seventy-two (72) hours notice prior to a Dry Season site inspection. Notice will be provided by telephone and electronic mail.  During the site inspection, Defendants shall allow Waterkeeper and/or its representatives access to the respective Bestway Facility's SWPPP, M&RP, monitoring records, and to all monitoring reports and data for the Facility. During the site inspection, Waterkeeper and/or its representatives may collect samples of storm water or non-stormwater discharges from the Bestway Facilities, and will provide Defendants an opportunity to collect a sample at the same location at approximately the same time. Waterkeeper shall provide Defendants copies of the sampling results as well as all laboratory back up documentation and chain of custody within fourteen (14) days of receiving the sampling results. Waterkeeper may also take photographs or video recording during any site inspection pursuant to this paragraph. If Waterkeeper takes photographs and/or video recording, Waterkeeper shall provide Defendants with the photographs and/or video within fourteen (14) days after any written request by Defendants for such photographs and/or videos. Waterkeeper agrees that all individuals who will participate in a site inspection will execute a waiver and release prior to the site inspection in the form attached as Exhibit D hereto. Waterkeeper also agrees that all individuals who will participate in the site inspection will sign a sign-in sheet upon arrival at the Facility.

39.  <u>Waterkeeper's Compliance Monitoring</u>.[12]  Defendants agree to compensate Waterkeeper for time to be spent monitoring the Defendants' compliance with the Consent Decree as follows:

  a.  Defendants shall pay Waterkeeper $15,000 (fifteen thousand) as follows: $7,500 (Seven thousand five hundred) within thirty (30) days of the effective date of the Consent Decree and $7,500 (seven thousand five hundred) by December 31, 2014.

  b.  Defendants shall pay $3,000 (three thousand) each time a Surface Water Action Plan or Groundwater Action Plan is submitted to Waterkeeper. Payments will be submitted within thirty (30) days of the submittal of the Surface Water Action Plan or Groundwater Action Plan.

  c.  All payments required under this paragraph shall be submitted and made payable to "Los Angeles Waterkeeper," addressed to Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, California 90401, and sent via courier, overnight delivery or bank wire.

  d.  Failure to submit a payment as required under this paragraph will constitute a breach of the Consent Decree.

40.  <u>Data Reporting</u>.  During the life of this Consent Decree, the Defendants shall provide Waterkeeper with a copy of all Consent Decree and Storm Water Permit compliance and monitoring data, including inspection reports, related to the Facility's coverage under the Storm Water Permit on a quarterly basis. The Defendants shall provide Waterkeeper with all laboratory analyses related to sampling at the Facility within fourteen (14) days of the Defendants' receipt of such information.

41.  <u>Document Provision</u>. During the life of this Consent Decree, the Defendants shall copy Waterkeeper on all documents and communications related to water quality at any of the Bestway Facilities that are submitted to the Regional Board, the State Board,

---

[12] The schedule of payments described in paragraphs 39, 42 and 43 of this Consent Decree is attached in table form as Exhibit E hereto.

and/or any State, local agency, county, or municipality.  Such reports and documents shall be provided to Waterkeeper concurrently as they are sent to the agencies and/or municipalities. Any correspondence related to water quality received by the Defendants from any regulatory agency, State or local agency, county, or municipality shall be provided within fourteen (14) days of receipt by the Defendants.

### G. Environmental Project, Reimbursement of Litigation Fees and Costs, and Stipulated Penalties

42.  <u>Environmental Project</u>. The Defendants agree to make a payment of One Hundred Twenty Thousand Dollars ($120,000), to be paid in eight equal installments with the first installment of Fifteen Thousand ($15,000) to be made by June 30, 2015 and the remaining seven installments to be made every quarter thereafter until paid in full, to the Rose Foundation for Communities and the Environment for a project related to water quality designed to analyze, reduce, prevent, or otherwise mitigate the ecological effects of storm water and/or non-stormwater discharges into Los Angeles area waterbodies. The payments shall be mailed via certified mail or overnight delivery to the attention of Tim Little, Rose Foundation for Communities and the Environment, 1970 Broadway, Suite 600, Oakland, California 94612-2218. Defendants shall provide Waterkeeper with a copy of such payment.

43.  <u>Reimbursement of Plaintiff's Fees and Costs</u>. The Defendants agree to partially reimburse Plaintiff for its investigation fees and costs, consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating a resolution of this matter in an amount totaling One Hundred Twenty Five Thousand Dollars ($125,000) to be paid as follows:  Forty Thousand ($40,000) within thirty (30) days of the Effective Date, Twenty Thousand ($20,000) by September 30, 2014, Twenty Thousand ($20,000) by December 31, 2014, and Forty-Five Thousand ($45,000) by March 31, 2015.  All such payments shall be made payable to Los Angeles Waterkeeper and delivered by certified mail, overnight delivery or bank wire to:

Los Angeles Waterkeeper
Attn: Elizabeth Crosson
120 Broadway, Suite 105
Santa Monica, CA 90401

44.   <u>Stipulated Payment</u>. The Defendants shall make a remediation payment of Five Hundred Dollars ($500) for each missed deadline included in this Consent Decree. Payments for a missed deadline shall be made for the restoration and/or improvement of the watershed in the area affected by the Defendants' alleged discharges and shall be awarded to the Rose Foundation for Communities and the Environment.  Defendants agree to make the stipulated payment within thirty (30) days of a missed deadline. The payments shall be mailed via regular mail to the attention of Tim Little, Rose Foundation for Communities and the Environment, 1970 Broadway, Suite 600, Oakland, California 94612-2218. The Defendants shall provide Waterkeeper with a copy of each such payment at the time it is made.

### H.   Agency Review of Consent Decree

45.   Plaintiff shall submit this Consent Decree to the Federal Agencies, within three (3) days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by written acknowledgement of receipt by the agencies or the certified return receipts, copies of which shall be provided to Defendants.  In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

## IV.   DISPUTE RESOLUTION

46.   This Court shall retain jurisdiction over this matter for the purposes of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

47.   <u>Meet and Confer</u>.  A party to this Consent Decree shall invoke the dispute

resolution procedures of this Section by notifying all other Parties in writing of the matter(s) in dispute and of the party's proposal to resolve the dispute under this Section. The Parties shall then meet and confer in an attempt to resolve the dispute no later than fourteen (14) calendar days from the date of the notice.

48.     If the Parties cannot resolve the dispute within 14 days after the meet and confer described in paragraph 47, the party initiating the dispute resolution provision may invoke formal dispute resolution by filing a motion before the United States District Court for the Central District of California.  The Settling Parties shall jointly apply to the Court for an expedited hearing schedule on the motion.

49.     <u>Burden of Proof.</u> In the event of any disagreement or dispute between Plaintiff and Defendants over the necessity or appropriateness of implementing any particular BMP or set of BMPs, including in any formal or informal proceeding brought to enforce the terms of this Consent Decree, Defendants shall bear the burden of demonstrating that its BMPs, collectively, constitute BAT/BCT for the Facility, or that they are in compliance with the terms of this Consent Decree. Plaintiff shall not be required to prove that Defendants' BMPs do not constitute BAT/BCT.

50.     Waterkeeper shall be entitled to recover reasonable fees and costs incurred to enforce the terms of this Consent Decree consistent with the provisions of Sections 505 and 309 of the CWA, 33 U.S.C. §§ 1365, 1319.

## V.     MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

51.     In consideration of the above, upon the Effective Date of this Consent Decree, the Parties hereby fully release, except for claims for Defendants' failure to comply with this Consent Decree and as expressly provided below, each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all alleged CWA violations claimed, fees, costs and any other expenses claimed or incurred in the Complaints or for matters related to the Complaints, up to and including the Effective Date of this Consent Decree.

52.     Nothing in this Consent Decree limits or otherwise affects Plaintiff's right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the Regional Board, EPA, or any other judicial or administrative body on any other matter relating to Defendants.

53.     No Admission of Liability. Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. The Defendants maintain and reserve all defenses they may have to any alleged violations that may be raised in the future.

54.     Force Majeure. Force Majeure includes but is not limited to: any act of God, war, fire, earthquake, flood or natural catastrophe; civil disturbance, vandalism, sabotage or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from, any governmental agency. The Defendants shall notify Waterkeeper pursuant to the terms of this paragraph, when timely implementation of the requirements set forth in this Consent Decree becomes impossible, despite the timely good-faith efforts of the Defendants, due to circumstances beyond the reasonable control of the Defendants or their agents, and which could not have been reasonably foreseen and prevented by the exercise of due diligence by the Defendants.  Any delays due to Defendants' failure to make timely and bona fide applications and to exercise diligent efforts to obtain necessary permits, or due to normal inclement weather, shall not, in any event, be considered to be circumstances beyond Defendants' control.  In no circumstances shall a claim of inability to pay be considered Force Majeure.

a.  If the Defendants claim Force Majeure, they shall notify Waterkeeper in writing within twenty-one (21) days of the date that the Defendants first knew of the event or circumstance that caused or would cause a violation of this Consent Decree.  The notice shall describe the reason for the nonperformance and, in cases where Defendants invoke Force Majeure due to action or non-action by, or inability to obtain the necessary

authorizations or approvals from, any government agency, the specific obligations under the Consent Decree which are or have been affected by the Force Majeure.  It shall describe the anticipated length of time the delay may persist, the cause or causes of the delay, the measures taken or to be taken by the Defendants to prevent or minimize the delay, the schedule by which the measures will be implemented, and the anticipated date of compliance.  The Defendants shall adopt all reasonable measures to avoid and minimize such delays.  Delay in compliance with a specific obligation under this Consent Decree due to Force Majeure as set forth above shall not excuse or delay compliance with any other obligations required under this Consent Decree.

b.  The Parties shall meet and confer in good faith concerning the non-performance and, where the Parties concur that performance was or is impossible due to Force Majeure, despite the timely good faith efforts of the Defendants, new deadlines shall be established.

c.  If Waterkeeper disagrees with the Defendants' notice of Force Majeure, or in the event that the Parties cannot timely agree on the terms of new performance deadlines or requirements, either party shall have the right to invoke the Dispute Resolution Procedure pursuant to Section IV.  In such proceeding, the Defendants shall bear the burden of proving that any delay in performance of any requirement of this Consent Decree was caused or will be caused by Force Majeure and the extent of any delay attributable to such circumstances.

## VI.    MISCELLANEOUS PROVISIONS

55.    <u>Construction</u>.  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Storm Water Permit, the Clean Water Act, or specifically herein.

56.    <u>Choice of Law</u>.  The laws of the United States shall govern this Consent Decree.

57.    <u>Severability</u>.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the

1  enforceable provisions shall not be adversely affected.

2      58.    <u>Correspondence</u>.  All notices required herein or any other correspondence

3  pertaining to this Consent Decree shall be sent by regular mail or electronic mail as

4  follows:

5      If to Plaintiff:

6

7  Tatiana Gaur
   Staff Attorney
8  Los Angeles Waterkeeper
   120 Broadway, Suite 105
9  Santa Monica, CA 90401
   tgaur@lawaterkeeper.org
10

11      With copies to:
12  Elizabeth Crosson
    Executive Director
13  Los Angeles Waterkeeper
    liz@lawaterkeeper.org
14

15      If to Defendants:
16

17  David Cho
    Bestway Recycling Company, Inc.
18  2268 Firestone Blvd.
    Los Angeles, CA 90002
19  dcho@bestways.org
20

21      With copies to:

22  Nancy Wilms
23  Edgcomb Law Group, LLP
    333 North Glenoaks Blvd., Ste. 610
24  Burbank, CA 91502
25  nwilms@edgcomb-law.com

26
        Notifications of communications shall be deemed submitted three (3) days after the
27
    date that they are postmarked and sent by first-class mail, or immediately after sending
28

notification or communication by email. Any change of address or addresses shall be communicated in the manner described above for giving notices.

59.     Effect of Consent Decree.  Plaintiff does not, by its consent to this Consent Decree, warrant or aver in any manner that the Defendants' compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of the Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

60.     Counterparts.  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

61.     Modification of the Consent Decree.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties.

62.     Full Settlement.  This Consent Decree constitutes a full and final settlement of this matter.

63.     Integration Clause.  This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

64.     Authority.  The undersigned representatives for Plaintiff and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

65.     The provisions of this Consent Decree apply to and bind the Settling Parties, including any successors or assigns.  The Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on

behalf of the Settling Parties, and to legally bind the Settling Parties to its terms.

66.     The Settling Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.  By entering into this Consent Decree, the Defendants do not admit liability for any purpose as to any allegation or matter arising out of this Action.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date noted below.

**IT IS SO ORDERED.**

Date: April 25, 2014

Honorable Dean D. Pregerson
United States District Judge
for the Central District of California

Approved as to Content:

Date: Mar 3, 2014

David Cho
Bestway Recyling Company, Inc.

Date: Mar 3, 2014

David Cho
Western Recycling, Inc.

Date: Mar 3, 2014

David Cho
Bestway Recyling of Pomona, Inc.

Date: Mar 3, 2014

David Cho
Los Angeles Recycling Center, Inc.

Date: _March 3 2014_

Elizabeth Crosson, Executive Director
Los Angeles Waterkeeper

Approved as to Form:

Date: _March 4, 2014_

Nancy Wilms, Esq.
Edgcomb Law Group, LLP
Counsel for Defendants

Date: _March 4, 2014_

Tatiana Gaur, Staff Attorney
Los Angeles Waterkeeper

**Minimum BMPs**

1.  Structural BMPs

    a.  Eliminate and/or treat discharges
        i.  By September 15, 2014: Install permanent or temporary cover over all areas where pollutant sources exist. Temporary cover shall be sufficient to eliminate contact of storm water with any pollutant sources.

2.  Source Control BMPs, including housekeeping

    a.  By May 31, 2014: Cover stored materials (bins and bales) when there is 30% chance of rain in the forecast.
    b.  By September 15, 2014: Install permanent or temporary cover for sorting lines.
    c.  By September 15, 2014:  Begin pressure washing areas of stained pavement (i.e. in area of CRV processing and fiber unloading). Pressure washing is to be conducted quarterly thereafter at all Bestway Facilities.
    d.  By September 15, 2014: Begin scrubbing the CRV recycling areas at all Bestway Facilities regularly with water to eliminate and prevent bacteriological contamination.  Water associated with cleaning the CRV areas should be contained and disposed of properly to eliminate the potential for storm water and non-storm water discharges.
    e.  Sweeping
        i.  By December 31, 2014: Begin sweeping, using a powered surface cleaning sweeper such as Cyclone CY5000 or CY5500, at least once weekly at the Western Recycling Facility, the Jefferson Recycling Facility and the Pomona Recycling Facility, in addition to continued use of broom and dustpan efforts. Concentrate sweeping efforts in area where vehicles enter and exit the site.
        ii. By March 31, 2015: Begin sweeping, using a powered surface cleaning sweeper such as Cyclone CY5000 or CY5500, at least twice weekly at the Los Angeles Recycling Facility and the Firestone Facility, in addition to continued use of broom and dustpan efforts. Concentrate sweeping efforts in area where vehicles enter and exit the site.
    f.  By September 30, 2014: Paint bins and bin covers to coat all rusty surfaces.
    g.  By July 31, 2014: Clean, remove excess grease, and paint stationary material processing equipment (e.g. Sorting Line).
    h.  By September 30, 2014: Route water from rooftops in area used for CRV storage to drain away from material processing areas.

Exhibit A

i. By September 30, 2014: Install downspouts and downspout filters to address potential contaminants from roof drainage.[13]

j. By July 31, 2014: Discard old, unused equipment (e.g. old sorting line equipment and unused bins and dumpsters) or store old, unused equipment under permanent or temporary cover.

k. By September 30, 2014: Repair areas of pitted and cracked paving.

---

[13] http://www.spillcontainment.com/downspout-guard, for example.

Exhibit A

## Bestway Facilities Business Hours

| Facility Name/Address | Operating Hours |
|---|---|
| **Bestway Recycling**<br>2268 Firestone Blvd<br>Los Angeles, California | Monday-Friday: 7:00 am to 5:00pm<br>Saturday: 7:00am to 4:00pm<br>Sunday: 7:00am to 12:00pm |
| **Los Angeles Recycling**<br>1000 North Main Street<br>Los Angeles, California | Monday-Friday: 7:00am to 5:00pm<br>Saturday: 7:00am to 4:00pm<br>Sunday: Closed |
| **Western Recycling**<br>13528 South Western Avenue<br>Gardena, California | Monday-Friday: 7:30am to 5:00pm<br>Saturday: 7:30am to 3:00pm<br>Sunday: Closed |
| **West LA Deposit Site and Recycling**<br>6001 Jefferson Blvd<br>Los Angeles, California | Monday-Friday: 8:30am to 4:30pm<br>Saturday: 8:30am to 2:30pm<br>Sunday: Closed |
| **Bestway Recycling of Pomona**<br>1032 Industrial Street<br>Pomona, California | Monday-Friday: 8:00am to 5:00pm<br>Saturday: 8:00am to 2:00pm<br>Sunday: Closed |

Exhibit B

## BESTWAY FACILITIES RAIN GAUGES

| Facility Name/Address | Rain Gauge ID/Name |
|---|---|
| **Bestway Recycling**<br>2268 Firestone Blvd<br>Los Angeles, California | 291 - Los Angeles 96th St. Rain Gauge |
| **Los Angeles Recycling**<br>1000 North Main Street<br>Los Angeles, California | 716 - Los Angeles-Ducommun St. Rain Gauge |
| **Western Recycling**<br>13528 South Western Avenue<br>Gardena, California | 291 - Los Angeles 96th St. Rain Gauge |
| **West LA Deposit Site and Recycling**<br>6001 Jefferson Blvd<br>Los Angeles, California | AL370Z - Ballona Creek Rain Gauge |
| **Bestway Recycling of Pomona**<br>1032 Industrial Street<br>Pomona, California | 448-Walnut Creek SB Precipitation Rain Gage |

Exhibit C

## **WAIVER AND RELEASE**

I understand that I am being permitted to enter the premises located at
_____ (the "Site") for a property inspection
and agree to the following:

My entry onto the above-mentioned property is entirely voluntary and I agree to
indemnify, defend, hold harmless and release Bestway Recycling Company, Inc., its
affiliates, shareholders, officers, directors, employees, agents, attorneys, trustees,
beneficiaries, and any other representative(s) affiliated with the property and operations
at the Site (collectively "Bestway") from any and all lawsuits, damages, claims,
judgments, losses, liability, or expenses (including court costs and attorneys fees)  arising
out of or resulting from any damage or loss to myself, including any tools and equipment
I am bringing onto the Site, Bestway, or others, which may be caused in whole or in part
by me.  This release expressly does not include an agreement to indemnify, defend, hold
harmless and release Bestway from any harm to me or any tools and equipment I bring on
site caused in whole or in part by any negligent or intentional act by Bestway, or of
Bestway's licensees, invitees, or permittees also on the Site, or those of any other third
party not under Bestway's control to the extent permitted by California law.

I REPRESENT AND ACKNOWLEDGE THAT I HAVE READ THIS ASSUMPTION
OF RISK, RELEASE AND WAIVER OF LIABILITY AND FULLY UNDERSTAND
EACH AND EVERY PROVISION.


Dated:_____                          _____


                        (Printed):   _____


Exhibit D

BESTWAY CONSENT DECREE PAYMENT SCHEDULE

| Payment type | 30 days after CD effective date | 9/30/2014 | 12/31/2014 | 3/31/2015 | 6/30/2015 | 9/30/2015 | 12/31/2015 | 3/31/2016 | 6/30/2016 | 9/30/2016 | 12/31/2016 | 3/31/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Compliance fees and costs | $ 7,500 | | $7,500 | | | | | | | | | |
| Litigation fees and costs | $40,000 | $20,000 | $20,000 | $45,000 | | | | | | | | |
| SEP | | | | | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |

Total: $260,000

Exhibit E